UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81315-CIV-COHN/SNOW

ROBERT S. LEVIN,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,
CHARLOTTE PRESENSKY, an individual,
and CHRISTINE TATUM, an individual,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT CHARLOTTE PRESENSKY'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Charlotte Presenky's Motion to Dismiss [DE 36]. The Court has carefully considered the Motion, Response [DE 40], Reply [DE 41], and Sur-Reply [DE 45][1], and is otherwise fully advised in the premises.

### I. BACKGROUND

On December 28, 2006, Plaintiff Robert S. Levin ("Levin"), appearing *pro se*, filed the instant action against Defendants Charlotte Presensky ("Presensky"), Christine Tatum, and the City of Palm Beach Gardens ("the City") alleging violations of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (Amend. Compl. [DE 24].) Count Three of the four-count Amended Complaint charges Presensky with aiding the City in violating Plaintiff's equal protection rights.

Plaintiff claims that the City, through its Community Services Department,

---

[1] The Court granted Plaintiff's motion to file a Sur-Reply and therefore considered the Sur-Reply in deciding Presensky's Motion to Dismiss.

discriminated against him in its operation of "Taste of the Gardens" GreenMarket, an outdoor public market municipal event.  According to the City's mission statement, the purpose of the event is to provide "fresh, locally-grown produce to the community and encourage the promotion of the agricultural industry along with providing to the public an informal, social gathering place" [DE 24, at ¶ 15].  The market is held every Sunday from mid-October through mid-April.

In his Amended Complaint, Plaintiff asserts that the City divided potential vendors into categories with varying degrees of access to the market.  Vendors were classified as "Agriculture," which includes the subcategories "Grower" and "General Vendor," or "Non-Agriculture," which includes "Prepared Food Vendor," "Handmade Crafter," "Non-profit Organization," and "Business/Exporter/Importer."  Plaintiff, who operates a sole proprietorship selling items that he purchases wholesale, was placed in the "Business/Exporter/Importer" subcategory.  Vendors in this subcategory are limited to attending the market on the first Sunday of each month, while all other vendors may attend weekly.  Furthermore, those in the "Business/Exporter/Importer" subcategory are the only vendors required either to obtain a City of Palm Beach Gardens occupational license or to be a current business member of the Northern Palm Beach County Chamber of Commerce.

Plaintiff continues that Presensky, the recreation director who supervises the event, acted in concert with the City and outside the course and scope of her employment in denying Plaintiff his equal protection rights.  Plaintiff speculates that Presensky aligned herself with the "Handmade Crafter" group to the disadvantage of others, including the group to which Plaintiff was assigned.  Presensky now seeks to

dismiss the action, alleging that (1) filing suit against Presensky in her official capacity is unnecessarily redundant; and (2) Presensky is protected in her individual capacity by qualified immunity.

## II. ANALYSIS

### A. Motion to Dismiss Standard

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint now must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965; see also Pfeil v. Sprint Nextel Corp., No. 4:06-CV-445-SPM, 2007 WL 1655848 (N.D. Fla. June 7, 2007); Whitney v. Collier, No. 2:06-CV-535-FtM-29DNF, 2007 WL 1655853 (M.D. Fla. June 7, 2007). "While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Because

the Plaintiff filed the instant case *pro se*, it must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, — U.S. —, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 206 (1976)); see also Washington v. Dept. of Children and Families, No. 8:07-CV-396-T-24-TGW, 2007 WL 1625799, at *1 n. 1 (M.D. Fla. June 5, 2007); Malloy v. Wiseman, No. 2:07-CV-6-FtM-29SPC, 2007 WL 1627189 (M.D. Fla. June 5, 2007) (citing Trawinski v. United Technologies, 313 F.3d 1295 (11th Cir. 2002)).

### B. Official Capacity

When a government official is sued in her official capacity under § 1983, the suit is "another way of pleading an action against an entity of which an officer is an agent," and consequently is actually a suit against the city. Busby v. Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1984)). Because suits can be brought against local governmental entities directly, there is no need to bring official-capacity actions against local government officials, and such suits are "redundant and possibly confusing to the jury." Id. Consequently, the Court concludes that even if the Plaintiff intended to bring a suit against Presensky in her official capacity, such a cause of action cannot survive.

### C. Individual Capacity

Presensky next questions whether the Plaintiff stated a cause of action against her in her individual capacity. If a claim has been pled, she asserts that her actions are protected by qualified immunity, a defense available to government officials acting within their discretionary authority. Akins v. Fulton County, 420 F.3d 1293, 1299 (11th

4

Cir. 2005). The defense of qualified immunity should be evaluated at the earliest possible phase of litigation, as it may preempt unnecessary discovery and other pretrial matters. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial" (emphasis in original)); Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)). Once a defendant has made a "threshold showing" that her challenged actions were performed within her discretionary authority, the court then must evaluate whether the actions violated the plaintiff's constitutional rights, and if so, whether such rights were clearly established. Akins, 420 F.3d at 1299-1300 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). The Court must continue to accept the plaintiff's allegations as true.

In the instant case, it is unclear whether the Amended Complaint claims that Presensky was acting within the scope of her employment because the Plaintiff alleges both that Presensky was "acting under the color of the City of Palm Beach Gardens [sic] rules and procedures" and that she acted outside the course and scope of her employment [DE 24, at ¶¶ 7 and 39-41, respectively]. Presensky urges the Court to disregard Plaintiff's internally inconsistent statements, citing Gersent v. Rundle, 833 F. Supp. 906, 910 (S.D. Fla. 1993), but because the Plaintiff is *pro se*, the Court will read the complaint liberally and construe the conflicting statements specific to Presensky as alternative arguments.

To plead a valid § 1983 claim against a person in her individual capacity, a

plaintiff must allege that an individual defendant was acting under color of state law and hence within the scope of her employment.  As such, Plaintiff's claims that Presensky was acting outside the scope of her employment fail to state a claim under this statute.  Consequently, the Court will only evaluate whether the actions Presensky performed "under the color of the City of Palm Beach Gardens [sic] rules and procedures" are protected by qualified immunity.

The qualified immunity defense employs an objective standard and gives "a government agent the benefit of the doubt unless her actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly violated the law would have committed them."  GJR Investments, Inc. v. Escambia, 132 F.3d 1359, 1366 (11th Cir. 1998).  Consequently, the defense is "the rule, rather than the exception."  Id.  The plaintiff bears the burden of demonstrating that qualified immunity is inappropriate.  Wilson v. Farley, 203 Fed.Appx. 239, 249 (11th Cir. 2006) (citing Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)).  The Supreme Court has divided the question of whether violation of the plaintiff's rights overrides qualified immunity into two parts.  Qualified immunity does not apply when (1) the defendant's actions violated the plaintiff's constitutional right, *and* (2) the violated right was clearly established.  Scott v. Harris, 549 U.S. —, 127 S.Ct. 1769, 1774 (2007) (citing Saucier, 533 U.S. 194).

In the instant case, the Plaintiff alleges that Presensky's violation of his equal protection rights voids the qualified immunity defense.  Plaintiff cites only one case to support this contention, Rowe v. Fort Lauderdale, 279 F.3d 1271 (11th Cir. 2002).  In Rowe, the plaintiff appealed the district court's decision to grant either a motion to

6

dismiss or summary judgment to five differently situated defendants, some of whom were entitled to absolute and qualified immunity. The Court of Appeals affirmed summary judgment for two defendants, affirmed dismissal for one defendant, and reversed and remanded untimely notice claims. The Court does not find Rowe in any way relevant to the instant motion, nor does the Plaintiff offer any basis for his reliance on Rowe. Although the Plaintiff is not required to use case law to state his cause of action, he does bear the burden of challenging qualified immunity and, even after considering the lenient standard applied to *pro se* plaintiffs, it is clear that the Plaintiff has not met his burden. Assuming *arguendo*, however, that Presensky in fact violated the Plaintiff's constitutional right, the Court proceeds to evaluate whether the allegedly violated right is clearly established.

      Whether a right is clearly established is based upon what a reasonable person would have known. Snider v. Jefferson State Community College, 344 F.3d 1325, 1327 (11th Cir. 2003) (citing Hope v. Pelzer, 536 U.S. 730 (2002)). Although it is not necessary for an identical or similar act to have been held unlawful in a prior case, "in the light of preexisting law, the unlawfulness must be apparent: plain, clear, obvious." Id. at 1328. Qualified immunity applies unless the act is so obviously wrong that only incompetence or knowing violation explains the transgression. Id. (citing Malley v. Briggs, 475 U.S. 335 (1986)). Again, the plaintiff bears the burden of proving that his clearly established right was violated. Busby, 931 F.2d at 772. Even detailed factual allegations presented by a *pro se* plaintiff may fail to meet this burden. See, e.g., Hardy v. Broward County Sheriff's Office, No. 06-14784, 2007 WL 1624359, at *5 (11th Cir.

June 6, 2007). It is appropriate to grant the defense of qualified immunity at the motion to dismiss stage if the plaintiff fails to meet the burden, in order to protect defendants from all aspects of litigation. Id. at *6 (citing Anderson v. Creighton, 483 U.S. 635, 636 n. 6 (1987)).

In the instant case, the Plaintiff makes the conclusory allegation that Presensky's act is obviously wrong but offers no persuasive foundation for this argument. Thus, even if Presensky violated Plaintiff's constitutional rights, qualified immunity shelters her as Plaintiff has failed to meet his burden of proving that a clearly established right was violated. Count Three of the Amended Complaint shall be dismissed without leave to amend as amendment would be futile based on the facts of this case.[2]

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Presensky's Motion to Dismiss [DE 36] is hereby **GRANTED**. Count Three of the Amended Complaint is **DISMISSED WITH PREJUDICE**. Defendant Presensky is hereby **DISMISSED** as a party to this action. This Order has no bearing on the claims

---

[2] The following bases may warrant a district court's denial of leave to amend: "'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment.'" Thomas v. Davie, 847 F.2d 771, 774 (11th Cir. 1988) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).

against the remaining Defendants.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of July, 2007.

JAMES I. COHN
United States District Judge

Copies to:
Robert S. Levin, *Pro Se*
George Preston Roberts, Esq.
Sherri Lynn Renner, Esq.