UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-81315-CIV-COHN/SNOW

ROBERT S. LEVIN,

     Plaintiff,

vs.

CITY OF PALM BEACH GARDENS,
CHARLOTTE PRESENSKY, an individual,
and CHRISTINE TATUM, an individual,

     Defendants.

_____/

## ORDER DENYING DEFENDANT CITY OF PALM BEACH GARDENS' MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant City of Palm Beach Gardens' ("the City") Motion to Dismiss [DE 35].  The Court has carefully considered the Motion, Response [DE 38], Reply [43], and Sur-Reply [44][1], and is otherwise fully advised in the premises.

## I. BACKGROUND

On December 28, 2006, Plaintiff, appearing *pro se*, filed the instant action against Defendants Charlotte Presensky, Christine Tatum, and the City alleging violations of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.  (Amend. Compl. [DE 24].)  Counts One and Two of the four-count Amended Complaint charge the City with violating Plaintiff's equal protection rights by limiting his access as a vendor to a public festival (Count One) and requiring him to

---

[1] The Court granted Plaintiff's motion to file a Sur-Reply and therefore considered the Sur-Reply in deciding the City's Motion to Dismiss.

complete additional procedural prerequisites as compared to other similarly situated

vendors (Count Two).

Plaintiff claims that the City, through its Community Services Department,

discriminated against him in its operation of "Taste of the Gardens" GreenMarket, an

outdoor public market municipal event.  According to the City's mission statement, the

purpose of the event is to provide "fresh, locally-grown produce to the community and

encourage the promotion of the agricultural industry along with providing to the public

an informal, social gathering place" [DE 24, at ¶ 15].  The market is held every Sunday

from mid-October through mid-April.

In his Amended Complaint, the Plaintiff claims that the City divided potential

vendors into categories with varying degrees of access to the market.  Vendors were

classified as "Agriculture," which includes the subcategories "Grower" and "General

Vendor," or "Non-Agriculture," which includes "Prepared Food Vendor," "Handmade

Crafter," "Non-profit Organization," and "Business/Exporter/Importer."  Plaintiff, who

operates a sole proprietorship selling items that he purchases wholesale, was placed in

the "Business/Exporter/Importer" subcategory.  Vendors in this subcategory are limited

to attending the market on the first Sunday of each month, while all other vendors may

attend weekly.  Furthermore, those in the "Business/Exporter/Importer" subcategory are

the only vendors required either to obtain a City of Palm Beach Gardens occupational

license or to be a current business member of the Northern Palm Beach County

Chamber of Commerce.

Plaintiff claims that because vendors in the "Handmade Crafter" group and the

"Business/Exporter/Importer" group sell similar items, the restrictions and requirements

placed on the "Business/Exporter/Importer" group provide the "Handmade Crafter"

group with an unfair competitive advantage.  Many vendors in both groups sell items

they did not create themselves.  The Plaintiff continues that the distinction the City

maintains between these similarly situated groups is not rationally related to the

purpose of the GreenMarket as described in its mission statement because both groups

neither sell produce nor have an effect on local agriculture.  Thus, Plaintiff alleges that

the City's decision to treat the two groups differently violates his equal protection rights

by limiting the frequency of his access (Count One) and requiring he complete

additional procedural prerequisites (Count Two).

The City brought the instant Motion to Dismiss [DE 35] as to both counts, arguing

that without a suspect class or fundamental right at issue, the City's classifications are

subject only to rational basis scrutiny and due great deference from the judiciary.  The

City also challenges Plaintiffs assertion that "Handmade Crafters" and

"Business/Exporter/Importer" vendors are in fact similarly situated.

## II. MOTION TO DISMISS STANDARD

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550

U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint

should not be dismissed for failure to state claim unless it appears beyond a doubt that

the plaintiff could prove no set of facts in support of his claim which would entitle him to

relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d

1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to

dismiss, a complaint now must contain factual allegations that are "enough to raise a

right to relief above the speculative level, on the assumption that all the allegations in

the complaint are true."  127 S. Ct. at 1965; see also Pfeil v. Sprint Nextel Corp., No.

4:06-CV-445-SPM, 2007 WL 1655848 (N.D. Fla. June 7, 2007); Whitney v. Collier, No.

2:06-CV-535-FtM-29DNF, 2007 WL 1655853 (M.D. Fla. June 7, 2007).  "While a

complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." Twombly. 127 S.Ct. at 1964-65.  Taking the facts as true,

a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law,

no construction of the factual allegations will support the cause of action."  Marshall Cty.

Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  Because

the Plaintiff filed the instant case *pro se*, it must be "liberally construed" and "held to

less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus,

— U.S. —, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 206

(1976)); see also Washington v. Dept. of Children and Families, No. 8:07-CV-396-T-24-

TGW, 2007 WL 1625799, at *1 n. 1 (M.D. Fla. June 5, 2007); Malloy v. Wiseman, No.

2:07-CV-6-FtM-29SPC, 2007 WL 1627189 (M.D. Fla. June 5, 2007) (citing Trawinski v.

United Technologies, 313 F.3d 1295 (11th Cir. 2002)).

### III. EQUAL PROTECTION ANALYSIS

Plaintiffs may allege three distinct bases of equal protection violations:

(1) application of facially discriminatory statutes; (2) neutral application of neutral

statutes with disparate effects; and (3) unequal application of a facially neutral statute.

E & T Realty v. Strickland, 830 F.2d 1107, 1112 n. 5 (11th Cir. 1987).  The Plaintiff's

Amended Complaint [DE 24] obscures which of the three grounds the Plaintiff believes

justifies his causes of action.  However, the Court evaluates allegations in the light most

favorable to the Plaintiff and applies a more lenient standard to *pro se* complaints.

Therefore, the Court will analyze the claims on each ground the Plaintiff may

reasonably have intended to assert.

In Counts One and Two of the Amended Complaint, the Plaintiff challenges the

City's right to create categories that discriminate among types of vendors.  This fits

within the first basis for an equal protection claim: application of facially discriminatory

laws.  The Plaintiff also condemns the arbitrary manner in which similarly situated

vendors are assigned to the categories, which fits under the third basis for an equal

protection claim: unequal application of a facially neutral law.  Therefore, the Court will

evaluate Plaintiff's claims alleged against the City under each of these theories.

### A. Creation of Vendor Categories

The first manner in which the Plaintiff's equal protection rights may have been

violated is through application of a facially discriminatory policy.  "The Equal Protection

Clause does not forbid classifications.  It simply keeps governmental decisionmakers

from treating differently persons who are in all relevant respects alike."  Panama City

Diagnostic Ltd. v. Williams, 13 F.3d 1541, 1545 (11th Cir. 1994) (quoting Nordlinger v.

Hahn, 505 U.S.1, 10 (1992)).  Unless a suspect class or fundamental right is at issue,

classifications made by governmental entities need only be rationally related to a

legitimate state interest to be Constitutional.  Id. (citing Cleburne v. Cleburne Living

Center, Inc., 473 U.S. 432, 439-441 (1985)).  The great deference granted to

lawmakers is especially lenient in cases involving economic classifications.  Id. (citing

F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 313 (1993)).  Although the

distinctions made between groups may seem arbitrary, "the fact [that] the line might

have been drawn differently at some points is a matter for legislative, rather than

judicial, consideration."  Id. at 1546 (quoting United States Railroad Retirement Bd. v.

Fritz, 449 U.S. 166, 179 (1980) (citations omitted)).  The regulating body is not required

to "achieve perfection or mathematical exactitude."  Alamo Rent-A-Car, Inc. v.

Sarasota-Manatee Airport, 825 F.2d 367, 371 (11th Cir. 1987) (citing Vance v. Bradley,

440 U.S. 93, 108 (1979)).  Furthermore, the actual legislative intent is irrelevant.  Id. at

1546.

Determining that legislation satisfies rational basis scrutiny requires two steps:

(1) identifying a legitimate state purpose; and (2) concluding that a rational basis exists

for the belief that the enacted measures will further that state interest.  Haves v. Miami,

52 F.3d 918, 921 (11th Cir. 1995).  The legitimate state purpose need not have been

the actual motivating goal, and the rational basis need not even have been considered

by the body instituting the challenged classification system.  Id.  The burden of

disproving all possible legitimate state purposes and rational bases falls upon the

plaintiff.  Id.  Even a pro se allegation of an improper motive will not suffice to state a

cause of action under the Equal Protection Clause without ruling out all legitimate

rationale.  See, e.g., id. at 923 (holding that the improper retaliatory motive alleged by

pro se plaintiffs was irrelevant to the rational basis inquiry).

In the instant case, the City clearly has stated a legitimate purpose, as

demonstrated by Plaintiff's inclusion of the GreenMarket's mission statement.

Furthermore, it is not irrational for the City to believe that classification of potential vendors, with corresponding differentiation in access, may assist the City in creating the type of event it desires.  Consequently, the basic policy of categorizing vendors passes rational basis scrutiny.

### B. Assignment to Vendor Categories

In the leading case of Snowden v. Hughes, 321 U.S. 1, 8 (1944), the Supreme Court determined that governmental administration of a statute that appears fair on its face but results in "unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."  Id.; see also E & T Realty, 830 F.2d at 1113. The plaintiff bears the burden of showing "clear and intentional discrimination." Snowden, 321 U.S. at 8 (quoting Gundling v. Chicago, 177 U.S. 183, 186 (1900)). Regardless of whether the unequal administration of the facially neutral policy is rooted in misapplication or selective enforcement, the plaintiff must show intentional discrimination–"[m]ere error or mistake in judgment" is not enough.  E & T Realty, 830 F.2d at 1113-14.  To prevail on an equal protection claim, the plaintiff must establish that: "(1) the plaintiff was treated differently than similarly situated persons; and (2) the defendant unequally applied the facially neutral statute for the purpose of discriminating against the plaintiff."  Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996).

In the instant case, the parties disagree regarding whether the vendors in the "Handmade Crafter" and "Business/Exporter/Importer" categories are in fact similarly situated.  The City's assertion that "because they are classified differently, they are

7

dissimilar," is unconvincingly circular [DE 35].  The titles of the two categories are readily distinguishable, but it does not follow that the vendors placed in the categories are, in practice, selling different types of goods.  While the Amended Complaint only contains general statements that the groups are similarly situated, the further detail provided by the *pro se* Plaintiff in his Response sufficiently establishes that Plaintiff was treated differently from other similarly situated persons [DE 38].  Taking the Plaintiff's allegations as true, as is required in a motion to dismiss, the Court concludes that the considerable overlap between the goods sold by vendors in each category meets the Plaintiff's burden on this issue.

Analysis next proceeds to consideration of whether the Plaintiff has adequately pled discriminatory intent.  Although Plaintiff's Response to the Motion to Dismiss mainly alleges that the categorization process is "arbitrary," which does not state a cause of action, the Amended Complaint claims that the City's policy was applied in a discriminatory manner by its recreation provider, Charlotte Presensky, who intended to provide a competitive advantage to those vendors assigned to the "Handmade Crafter" vendor group.  The Court finds that given the Plaintiff's *pro se* status and the relatively low requirement that he state "a right to relief above the speculative level on the assumption that all of the complaint's allegations are true," Twombly., 550 U.S. —, 127 S.Ct. 1955, Counts One and Two state a cause of action sufficient to defeat the City's motion to dismiss.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant City

of Palm Beach's Motion to Dismiss [DE 35] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 2nd day of July, 2007.

JAMES I. COHN
United States District Judge

Copies to:
Robert S. Levin, *Pro Se*
George Preston Roberts, Esq.
Sherri Lynn Renner, Esq.